# IN THE COURT OF APPEALS OF IOWA

No. 15-0426
Filed October 14, 2015

IN THE INTEREST OF M.G., A.G.,
and L.G.,
    **Minor Children,**

**J.A., Mother,**
    Appellant,

**G.G., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.

A mother and father separately appeal the termination of their parental

rights. **AFFIRMED ON BOTH APPEALS.**

Douglas E. Cook of Cook Law Office, Jewell, for appellant-mother.

Neven J. Conrad of Baker, Johnsen, Sandblom, and Lemmenes,

Humboldt, for appellant-Father,

Thomas J. Miller, Attorney General, Kathryn S. Miller-Todd, Assistant

Attorney General, Jennifer Benson, County Attorney, and Jordan W. Brackey,

Assistant County Attorney, for appellee.

Derek J. Johnson of Johnson & Bonzer, P.L.C., Fort Dodge, attorney and

guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the termination of their parental rights to three children. The mother claims termination is not in the children's best interests and the court erred in not granting her additional time to work toward reunification. The father claims the Department of Human Services (DHS) did not make reasonable efforts for reunification with his children, the State failed to prove the grounds for termination by clear and convincing evidence, and the court erred in not granting him additional time to work toward reunification. We affirm the juvenile court's order.

The juvenile court issued a thorough and well-reasoned order terminating the mother's and father's parental rights, and we adopt the findings of fact and conclusions of law as our own.

## I.     STANDARD OF REVIEW

We review de novo, proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

## II.     ERROR PRESERVATION

The father claims DHS did not make reasonable efforts for reunification with the children. The State contends error was not preserved. The father had an "obligation to demand other, different, or additional services *prior to* a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct.

App. 2005) (emphasis added). As the father did not make such a demand prior to this appeal, he has not preserved this claim for our review.

## III.   GROUNDS FOR TERMINATION

The juvenile court terminated the mother's and father's parental rights to A.G. and L.G. pursuant to Iowa Code sections 232.116(1)(e), and (f) (2013); the court terminated the mother's and father's parental rights to M.G. pursuant to Iowa Code sections 232.116(1)(e) and (h). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Iowa Code section 232.116(1)(f) and (h) contains similar elements, though section (f) applies to children four years of age or older who have been removed from their parents' physical custody for twelve of the past eighteen months, "or for the last twelve consecutive months and any trial period at home has been less than thirty days." Iowa Code § 232.116(1)(f)(1), (3). Section (h) applies to children three years of age or younger who have been removed from their parents' physical custody for at least six of the last twelve months, "or for the last six consecutive months and any trial period at home has been less than thirty days." Iowa Code § 232.116(1)(h)(1), (3). Otherwise, both sections require a showing the child has been adjudicated a child in need of assistance (CINA), and "there is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102." *See* Iowa Code § 232.116(1)(f) and (h).

The father challenges the fourth ground claiming there was not clear and convincing evidence the children could not be returned to his home at the time of the termination hearing. Concerning the father's ability to care for the children, the court observed:

> [The father] signed a contract of expectations on April 10, 2014. He does not believe his behavior contributed to the removal of the children. He claims that he drinks beer at times and last consumed beer four or five months ago. [The father] has tested negative for substances but has not completed a substance abuse evaluation as requested. There are no current substance abuse concerns for [the father]. He has not been supportive of the mother's mental health treatment and has cancelled status meetings with the FSRP provider. He is employed but is currently homeless and living with a friend in Des Moines. This residence cannot accommodate the children.
>
> [The father] denies domestic violence in the home after 2007. However, [the mother] credibly testified that [the father] has threatened her and is both verbally and mentally abusive to her. As an example of mental abuse, [the father] told [the mother] she was like an egg in his hand that he can crush at any moment, like her life.

Additionally, the DHS social worker assigned to this case testified even if the father had acceptable housing, she would "still be concerned about his mental health and how he would raise the girls. [T]he girls have seen a lot of violence between their mother and [their father] and I would worry how [the father] would relate to the girls in regards to that."

We find there is clear and convincing evidence in the record pursuant to Iowa Code sections 232.116(1)(f) and (h). We also find the children could not be returned to the father's care at the time of the termination hearing. We affirm the juvenile court's order.

## IV.    BEST INTERESTS

The mother and father claim termination is not in the children's best interests. Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2). On this point the juvenile court reasoned:

> The Court finds that it would be in the best interests of the children to terminate the parent-child relationship with both parents. Neither parent is in a position to assume custody of the children at this time or at any time in the foreseeable future. They have made no progress over the life of the CINA proceedings. Neither parent has completed her or his contract of expectations. Both are currently homeless. [The mother] is living in a homeless shelter and [the father] is living with a friend. [The mother] has lived in three different shelters since removal of the children. As recently as one month ago, she was living in her car, consuming alcohol, not taking her medication, and not addressing her mental health needs. She was hearing voices. [The mother] has not maintained contact with DHS, providers and other professionals to help her parent the children and maintain her mental health. Domestic abuse issues between [the mother] and [the father] have not been resolved. Visits, when exercised, remained fully supervised.

Encouragingly, we note the three children have been placed together in foster care. We echo the juvenile court's sentiment that "the physical, medical, mental and emotional" needs of the children cannot be met by their parents but have been met by their foster parents. The children need permanency now and can no longer wait for their mother or father to parent them at some point in the future. *See In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011).

Finally, both parents ask for additional time to work toward reunification. The parents have already been granted an additional six months to work towards reunification and were unable to remedy their deficiencies in that time. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987).

## V.     CONCLUSION

The father has failed to preserve error on his "reasonable efforts" claim, since he has raised this issue for the first time on appeal. We agree with the juvenile court's reasoning and find clear and convincing evidence supports termination of the mother's and father's parental rights to the three children pursuant to Iowa Code section 232.116(1)(f) and (h). Termination is in the children's best interests. The court did not err in refusing to grant additional time for the parents to work toward reunification.

**AFFIRMED ON BOTH APPEALS.**